UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale E. Lauwagie,

        Plaintiff,

v.

United States of America,

        Defendant and
        Third Party Plaintiff,

v.

Frank Lane and Lee Henderson,

        Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-1217 ADM/AJB

---

Michael R. Pahl, Esq., Tax Division, U.S. Department of Justice, argued on behalf of the United States of America.

Lee A. Henderson, Esq., Hessian & McKasy, PA, Minneapolis, MN, argued as an Attorney *Pro Se*.

---

## I. DISCUSSION

On October 12, 2007, the undersigned United States District Judge heard oral argument on Third Party Defendant Lee Henderson's ("Henderson") Motion for Partial Summary Judgment [Docket No. 42].[1]  In its Amended Answer [Docket No. 22], the Government seeks to reduce to judgment certain trust-fund recovery penalties assessed against Henderson under 26 U.S.C. § 6672 as a responsible corporate officer of Universal Talkware Corporation ("Universal

---

[1] Henderson filed a Motion to Dismiss or in the Alternative for Partial Summary Judgment.  However, Henderson has withdrawn his Motion to Dismiss.  Reply Mem. in Supp. of Mot. for Partial Summ. J. [Docket No. 52] at 1.  Therefore, only Henderson's Motion for Partial Summary Judgment remains.

Talkware"). Gov't's Am. Answer at 6-7. In support of his Motion for Partial Summary Judgment, Henderson argues that the Internal Revenue Service ("IRS") improperly increased his tax liability as a responsible corporate officer by allocating portions of Universal Talkware's January 2001 tax payments to subsequent non-trust fund taxes. Mem. in Supp. of Mot. for Partial Summ. J. [Docket No. 44] at 10-12. Henderson contends that the IRS improperly allocated $26,288.23 of the January 2001 payments to non-trust fund taxes. Id. at 11-12. In response, the United States argued the IRS had legal authority to allocate the January 2001 tax payments to the non-trust fund liabilities. Mem. in Opp'n to Mot. for Summ. J. [Docket No. 48] at 11–12.

On November 14, 2007, Henderson filed a letter [Docket No. 58] submitting the 2001 Internal Revenue Manual ("IRM") as supplemental authority in support of his Motion for Partial Summary Judgment. In a November 20, 2007, letter [Docket No. 61] the Government disputes whether the 2001 IRM has the force and effect of law. Nevertheless, the Government has voluntarily agreed to apply the 2001 IRM to Universal Talkware's January 2001 tax payments and recalculate the amount owing.

Because the Government has agreed to recalculate Henderson's liability, there is no controversy currently before the Court.[2] Therefore, the Court denies Henderson's Motion for Partial Summary Judgment without prejudice. On or before December 14, 2007, the Government shall provide Henderson with the recalculated tax figures. If Henderson disputes

---

[2] Henderson asserts that a controversy may exist regarding the amount of his recalculated tax liability. Henderson Nov. 28, 2007, Letter [Docket No. 64]. However, such a dispute can exist only after the recalculated tax figures are known, and it is possible that additional legal or factual arguments could be raised.

the recalculated figures, he must renew his motion for partial summary judgment on or before December 21, 2007.

## II. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Third Party Defendant Lee Henderson's Motion for Partial Summary Judgment [Docket No. 42] is **DENIED WITHOUT PREJUDICE**.

BY THE COURT:

        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 29, 2007.